# McElhenny v. State.*

(Division B.   April 21, 1924.)

[99 So. 674.   No. 23857.]

INTOXICATING LIQUORS. *Evidence held sufficient to sustain conviction for unlawful manufacture.*

　　In this case the evidence is set out in the opinion and is sufficient to sustain a conviction of unlawfully manufacturing intoxicating liquor.

---

*Headnote 1.   Intoxicating Liquors, 33 C. J., section 502.

APPEAL from circuit court of Newton county.
HON. G. E. WILSON, Judge.

George McElhenny was convicted of unlawfully manufacturing or distilling intoxicating liquors, and he appeals. Affirmed.

*W. I. Munn,* for appellant.

The evidence is insufficient to sustain a verdict of guilty. Some two or three hundred yards from the appellant's house, parts of a still were located by the officer. The witnesses all tell about the same thing in regard to the mash, the pipe, the trough, the lid and the wash pot, and also in regard to the finding of some moonshine in some weeds near the appellant's well.

Taking the testimony of the state's witnesses, it is insufficient to make out a case against the appellant, because they all say that they did not know to whom the parts of the still belonged, and they did not know to whom the moonshine belonged, and they did not know who made it.

In *Anderson* v. *State*, 95 So. 637, this court said: "Two things are necessary before the defendant can be convicted of manufacturing liquor, (1) that he manufactured a liquor that can be used as a beverage; (2) that it is one of the kind designated by the statute."

There is no testimony in this record that the appellant manufactured whiskey. None of the state-witnesses attempted to say that the appellant manufactured the whiskey. The testimony when taken as a whole does not make out a case against the appellant on the charge referred to in the indictment.

*Harry M. Bryan*, Assistant Attorney-General, for the state.

There are two outstanding points: First, no reasonable explanation has been made by the defendant of why he fled from the presence of the officers when they came to his place for the purpose of making a search. In his own words, he stated to the sheriff and virtually admitted on the stand that he did not want to go with them and did not have arrangements made to make bond. We respectfully contend that this is a clear cut and damaging admission, amounting in its essence to a virtual confession.

In the second place, the testimony shows that as soon as the search of the officers led them to the flower bed where the manufactured whiskey was concealed, the defendant's wife left the place where she was pickling cabbage and went into the house.

It stands to reason that a man living out in the country with neighbors far apart and few, would have known of the presence of the liquor in his flower bed to say nothing of the outfit for its manufacture concealed only a few hundred yards from his house. It is a matter of common knowledge that the odor of fermenting mash or beer can be detected for at least a quarter or a half of a mile. It was positively testified to in this case that

the outfit found on defendant's place was a complete
one. It was positively asserted before the jury that
such an outfit could manufacture intoxicating liquors. As
a matter of fact the contents of the jar burned the green
grass upon which it was poured when a match was ap-
plied to it.

The failure of the defendant to offer some reasonable
hypothesis upon which the jury could believe that some
other person was conducting such a well ordered and
complete establishment negatives any statement that he
might make that he knew nothing of its operation. The
evidence in the case at bar taken as a whole clearly es-
tablished the guilt of the defendant.

The detection and conviction of persons charged with
manufacturing moonshine liquor is difficult at most. It
is an offense not carried on in the open, and if this
court should hold that in each case the defendant must be
caught while building the fire, stirring his mash or pour-
ing the finished product into jugs, it would be well-nigh
impossible for the statute to be enforced. It is our view
that circumstances as in any other case may be so coupled
as to form a chain of evidence leading to an irresistible
conclusion.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, McElhenny, was indicted, tried, and
convicted for manufacturing or distilling intoxicating
liquors, and sentenced to six months in the state peni-
tentiary.

The evidence shows that the sheriff and some prohibi-
tion officers procured a search warrant to search the
premises of the appellant for violation of the laws against
the manufacture and sale of intoxicating liquors and
proceeded in a car to the premises of the appellant. Just
before reaching the residence they came to where the ap-
pellant was plowing in a field, and the sheriff got out of
the car and went into the field and told the appellant that

they had a search warrant to search his premises. The prohibition officers proceeded in the car to the house, and the appellant and the sheriff walked to the house from the place in the field where the appellant was at work. The warrant was shown to the appellant, and he said to proceed. The prohibition officers began to search the premises and went out behind the barn some little distance and into the woods where there was a spring and there near the spring they found a place where a fire had been built recently, at which place there were three bricks on which a pot could be placed and a fire built around it, and there were coals and indications that a fire had been built since a rain which had occurred two days previously. They also found near this spring and place where the pot was a trough and pipe which could be used for distilling, and a lid and a couple of barrels of mash. They took the lid to the yard of the appellant where a wash pot was situated and tried the lid or top upon the wash pot and it fitted exactly, the top having a place for the steam or evaporation to pass through the pipe. They searched the yard then and found concealed in a bunch of cannas two gallons of intoxicating liquor, also a jar which had the top screwed on it, and in undertaking to remove the top the jar was broken and its contents spilled on the green grass in the yard. The sheriff applied a match to the liquid, and it burned, and the sheriff testified that it had the appearance of alcohol. The prohibition officers testified that they tasted the liquid and that it was moonshine whisky. When the officers started in the direction of the spring the appellant, who was with the sheriff, stated he would go to the field and get his horses, and disappeared in the direction from which they came, and presently two boys brought the horses to the barn, but the appellant did not return. However, on the following day the appellant went to Decatur for the purpose of making bond and stated to the sheriff that the reason he left the evening before was because

it was late and he was afraid he would not be able to arrange for bond that evening and would have to spend the night in jail, and gave bond to the sheriff for his appearance before the grand jury. The appellant testified on his own behalf and stated he did not make the liquor and knew nothing of its existence, but on cross-examination stated he had paid a fine in the federal court on a charge made against him there growing out of this search. His wife was introduced as a witness for the defense, and she testified that she knew nothing of the liquor nor of the still appliances until they were found and also that her husband stayed at home at night. Both the appellant and his wife testified that no one lived on their place except themselves and their children. But the appellant testified that some negroes worked at a sawmill about three-fourths of a mile away and that he had hired some negroes to ditch upon his place, but that none of them lived upon the premises.

The only assignment of error presented for consideration is that the evidence is insufficient to warrant a conviction.

After a mature consideration we are of the opinion that the evidence is sufficient, and the judgment of the lower court will be affirmed.

*Affirmed.*