HANCOCK *v.* STATE.

(Division A.   Feb. 16, 1931.)

[132 So. 445.   No. 29153.]

Thames & Thames, of Vicksburg, for appellant.

N. Vick Robbins, of Vicksburg, for the state.

**W. A. Shipman,** Assistant Attorney-General, for the
state.

**McGowen, J.,** delivered the opinion of the court.

On an indictment which charged that the appellant, Howell Hancock, did then and there willfully, unlawfully, and feloniously manufacture intoxicating liquor, to-wit, whisky, the appellant was convicted and sentenced by the court to serve a term of two years in the penitentiary, and he appeals here.

The material facts of the case necessary to state here are that officers of the law somewhere north of the city of Vicksburg, seeing smoke in the woods, proceeded thereto and saw this appellant and two negroes about a still which had been put in operation. A fire had been built under a two hundred-gallon still which was fully connected with coil and mash, but at the time of the arrest no whisky had run through the coil during that operation. There was found there also about seven hun-

dred gallons of mash and fifteen gallons of whisky in containers which were near the still but not connected with the particular operation, and which came under the view of these prosecuting witnesses. The operation which they witnessed had not resulted in the manufacture of any whisky, but the fact that they found fifteen gallons of whisky in close proximity was some evidence that the parties there had been engaged in the manufacture of whisky theretofore. Appellant, Hancock, was a white man, and when the officers were discovered the negroes ran away and Hancock made no effort to resist or flee from the officers. The testimony shows that the officers had seen Hancock there at the still for about fifteen minutes. One of the officers testified that he saw Hancock pour sugar in a barrel of mash which was not connected with the still. The other witness said he saw him pour some white stuff in the mash.

The defendant's testimony was to the effect that he had moved from a point nine miles away to the adjoining place only an hour or two before he was arrested at the still, and he had gone out to explore the fence when he came upon the still and the negroes and the situation we have described, and denied that he poured any sugar in the mash. In other words, his testimony was to the effect that he was an innocent bystander caught in bad company.

The conviction of the appellant must rest upon the whisky found in close proximity to the still in operation, which had been theretofore manufactured, and not upon the "run" which the parties were in the course or process of manufacturing. It is not shown that any whisky was manufactured by the particular "run" witnessed by the officers, but the facts and circumstances tended to show that whisky had theretofore been manufactured. See McElhenny v. State, 135 Miss. 210, 99 So. 674, and Evans v. State, 133 Miss. 663, 98 So. 440.

The court below gave this instruction: "The court instructs the jury for the state that if you believe from the evidence in this case beyond a reasonable doubt that the defendant Howell Hancock was present at the still in question and feloniously aided, assisted or abetted in the manufacture of whisky by pouring sugar into the barrels of mash, you will find the defendant guilty as charged in the indictment." The evident meaning of this instruction is that the court authorized the jury to find that whisky was then and there manufactured by the operation of the still, and if Hancock poured sugar in the mash in the barrels he was guilty of the completed crime. This is not true; under this state of facts he would be guilty of an attempt to manufacture whisky and would not be guilty of the completed crime. This instruction and this view submitted to the jury by the court are not cured by any of the instructions granted the state or the defendant. It was a plain direction on the part of the court to find the defendant guilty of the completed crime, if he poured sugar in the mash, without regard to all the other facts and circumstances in the case. This is not a correct view of the law and was harmful to the appellant, and for the giving of the instruction the case is reversed and remanded for another trial.

Reversed and remanded.